UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Manual OSUNA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Mireya SALINAS, et al.,<br><br>　　　　　　　　　Defendants. | Case No.:  24-cv-0330-AGS-AHG<br><br>**ORDER DENYING MOTION AS MOOT AND REMANDING CASE** |

Alex Garcia has, without the assistance of an attorney, removed a state unlawful-detainer action purportedly under federal-question jurisdiction. He claims that this Court has jurisdiction under section 702(a) of the Protecting Tenants at Foreclosure Act. But that section of the PTFA "neither explicitly nor impliedly creates a private right of action" under federal law. *Logan v. U.S. Bank Nat'l Assn.*, 722 F.3d 1163, 1169 (9th Cir. 2013). "The PTFA is framed in terms of 'protections' for tenants, suggesting that it was intended to provide a defense in state eviction proceedings rather than a basis for offensive suits in federal court." *Id.* at 1173. So, "[t]o the extent any issues presented by the PTFA would come into play in the case, they would do so as a defense." *Missouri & Bundy Hous. L.P. v. Annette R. Ross, et al.*, No. CV 23-9620-GW-SSCX, 2023 WL 9419590, at *1 (C.D. Cal. Dec. 1, 2023). And a "defense based in Federal law cannot be the basis for a removal based upon a federal question." *Missouri & Bundy*, 2023 WL 9419590, at *1; *accord Bridge WF CA Crystal View LP v. Salazar*, No. SACV2301734CJCKESX, 2023 WL 7308127, at *2 (C.D. Cal. Oct. 2, 2023) ("The PTFA is at most a defense to the unlawful detainer action, and thus does not confer subject matter jurisdiction.").

There are other problems with the removal. For instance, it's unclear that Garcia is a defendant in the action below or, more importantly, has received the consent of all defendants to remove the case. *See* 28 U.S.C.A. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action"). But the Court need not belabor the point. Since it is Garcia's burden to show that this Court

1

Case 3:24-cv-00330-AGS-AHG   Document 3   Filed 02/23/24   PageID.31   Page 2 of 2

can exercise jurisdiction, and he has failed to meet that burden on several grounds, the Clerk is directed to **REMAND** and close this case. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) ("The burden of establishing federal jurisdiction is upon the party seeking removal and the removal statute is strictly construed against removal jurisdiction." (citation omitted)). Garcia's request to proceed without paying the filing fee is **DENIED** as moot.

Dated:  February 23, 2024

Hon. Andrew G. Schopler
United States District Judge